AUGUSTUS B. AYRES v. WILLIAM TINSMAN.

Submitted December 8, 1906—Decided February 25, 1907.

Mere proof of a levy and sale by an officer, under legal process, of the mortgagor's right, title and interest in goods mortgaged in the hands of the mortgagor, with proof that possession of the goods sold was not given by the officer to any person, but that they remained in the place where they were when levied upon, does not establish a tort for which the mortgagee may recover.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *Charles Stilwell, Jr.*

For the defendant, *William H. Morrow.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff sued the defendant in trover and conversion for certain goods claimed by the plaintiff and alleged to have been taken by the defendant. The court directed a verdict for the defendant and allowed the rule to show cause.

The plaintiff claimed to be the owner of the goods under a bill of sale made to him by his brother-in-law, Frank D. Brown, on the 9th day of June, 1904. The goods consisted of the furnishings of a meat and grocery store, the stock of groceries, provisions, &c., and a quantity of ice in the ice-house, at Port Murray, Warren county, in a store kept by Brown and used by him. These goods had never been in possession of the plaintiff, nor had they ever been seen by him, nor had he paid anything for them. The consideration in the bill of sale was stated to be $450.

The defendant, a constable, by virtue of process in his

hands, sold the right, title and interest of Brown in some of these goods.

Before the sale the plaintiff gave notice to the defendant that he claimed the goods.

The bill of sale was recorded June 10th, 1904, in Book 15 of Chattel Mortgages for Warren county.

It appeared in evidence that on the 28th day of July, 1903, Brown had given to the plaintiff a chattel mortgage for $500 upon the same goods, upon condition that Brown pay the plaintiff $500 in accordance with the terms and purport of certain promissory notes endorsed and thereafter to be endorsed by the plaintiff for Brown, which will amount in the aggregate to $500, and which, if said notes are paid by Brown when due, the mortgage to be void. The affidavit by plaintiff of the true consideration of the mortgage states it as follows: "I have endorsed two certain promissory notes for the party of the first part (Brown) amounting to the sum of $500, and this mortgage is taken by me to secure me from any loss I may sustain by such endorsements or for any further endorsements I may make for the said party of the first part (Brown); the deponent further says that there is due or liable to come due on said mortgage the sum of $500, besides lawful interest thereon from the 28th day of July, 1903." This mortgage was recorded in Book 15 of Chattel Mortgages for Warren county.

The plaintiff testified that at the time the mortgage was given he gave Brown his note for $250 (not endorsed Brown's note), to get discounted and with the proceeds buy stock for the store; that about $50 was paid on the first note, and then he gave a second note for $250; that these notes were paid off and notes given in renewal to the amount of $340, made by plaintiff, and these notes are now held by the Hackettstown bank. He further testifies that Brown is liable on these notes; that it is his debt, and when he pays the debt then the goods in the bill of sale belong to him; that the bill of sale is to indemnify the plaintiff for any liability he may be under by reason of being maker of the notes; that the bill of sale is simply security to him.

Brown also testifies that the bill of sale took the place of the chattel mortgage, and that ended the chattel mortgage; that he made payment on the notes, and the money came from the sale of the goods. It appears that the defendant sold only the right, title and interest of Brown in the goods and delivered no goods sold to any purchaser at that sale.

The plaintiff claims under the bill of sale, but admits that it was intended to be only security for the payment of the notes he had made for Brown's accommodation. It is competent to show by parol testimony what the instrument was intended to be. *Muchmore* v. *Dodd,* 24 *Vroom* 369. But the bill of sale was not executed in such manner as to be valid against a creditor of the mortgagor.

The plaintiff, therefore, must be regarded as mortgagee under the chattel mortgage of 1903. The defendant had a right, by virtue of his process, to sell the right, title and interest of Brown in the goods. The defendant was called as a witness for the plaintiff to prove what he did with the goods, and testifies that he took such possession of the goods as would enable him to make sale of Brown's interest in them; that he sold that interest, but did not deliver possession of the goods to anyone, and left them where he found them. This is not sufficient evidence of conversion. See *Atkinson* v. *Hires,* 14 *Vroom* 297, where it was held that an officer holding an execution against the mortgagor of chattels had a right to levy upon them and put them up for sale.

The plaintiff was bound to make out a tort on the part of the officer, and he fails to do this by showing merely a levy and sale. *Woodside* v. *Adams,* 11 *Vroom* 417.

The rule to show cause is discharged.