POTASH STORES, INCORPORATED, PLAINTIFF-RESPONDENT, v. BAY DEVELOPMENT CORPORATION, DEFENDANT-APPELLANT.

Argued May 14, 1937—Decided June 1, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Samuel Kobren* and *Alexander Seclow.*

For the respondent, *Morris Edelstein* and *Samuel Cooper.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Second District Court of Jersey City in favor of the plaintiff, Potash Stores, Incorporated, against the defendant, Bay Development Corporation, in an action in trover and conversion.

The state of demand alleged ownership of certain chattels by the plaintiff; a casual passing of the possession of the goods into the hands of the defendants; demand and refusal of their return to plaintiff; an actual conversion of the goods by the defendants, and disposal thereof.

The facts shown at the trial were that the defendant leased a store at No. 71 Jackson avenue, Jersey City, to one Isadore Potash who apparently conducted a hardware business therein. There was a sum owing defendant for rent and in the year 1936 this claim was reduced to judgment. At that time the hardware business was being conducted in No. 79 Jackson avenue. It was plaintiff's claim that this business was being operated by the plaintiff corporation; that it owned all of the stock and fixtures and that Isadore Potash had no interest therein. Execution was issued against Isadore Potash out of the Bayonne District Court. Nathan Schulman, a sergeant-at-arms of that court, who was originally a defendant herein but as to whom a voluntary nonsuit was taken, made a levy on certain goods at 79 Jackson avenue as the property of Isadore Potash on July 15th, 1936. He was subsequently informed that the goods levied upon were not those of Isadore Potash but were the property of the plaintiff herein, Potash Stores, Incorporated, a corporation. There were then negotiations for the payment of the judgment against Isadore Potash which did not eventuate in settlement, and the result was that on August 10th, 1936, after advertisement, the sergeant-at-arms sold "all the right, title and interest of Isadore Potash in the articles enumerated for $25" to one Pauline Berger, who was apparently an agent of the defendant herein. There was never any attempt by the defendant or by the officer of the court to take possession of the chattels levied upon, nor was there any such attempt by the purchaser

of Potash's interest after the sale. The goods remained in the possession of the plaintiff at all times up to the time of the trial below.

The question then is, was there a conversion of the chattels by the defendant such as to give plaintiff a cause of action against it? In *Baude* v. *Chemical Bank and Trust Co.,* 115 *N. J. L.* 120, it was said: "The present action is manifestly one of trover. The quoted averment of conversion is from the old precedents. 2 *Chit. Pl.* 835, 837. The gist of the action is conversion, and conversion implies possession—by finding, according to the old fiction, but any physical possession will suffice, lawful or unlawful, though treated as lawful in the old forms. Possession, however, there must have been."

In *Woodside* v. *Adams,* 40 *N. J. L.* 417, it was held: "To constitute a conversion of goods there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel."

Mr. Justice Dixon said in *Frome* v. *Dennis,* 45 *N. J. L.* 515, after reviewing the English cases: "It is apparent, I think, from a perusal of these judgments, that every judge based his opinion of the defendant's guilt on the question whether he had done any act which amounted to a repudiation of the plaintiff's title, or to an exercise of dominion, *i. e.,* ownership over the goods. Less than this would constitute a trespass, but not a conversion, so long as the character of the chattels remained unchanged."

*Atkinson* v. *Hires,* 43 *N. J. L.* 297, was an action of trover and conversion by a chattel mortgagee against a sheriff who levied an execution on mortgaged property and conducted a sale thereof. Chief Justice Beasley said:

"In this state of the evidence, I think the plaintiff should have been nonsuited. There was no sufficient proof of a conversion. The officer holding an execution against the mortgagor of the chattels had a right to levy upon them, and to put them up for sale. Such acts were not an invasion of the rights of the mortgagee. * * * If the defendant, in point

of fact, ostensibly sold more than such title [the title of the mortgagor], or delivered the possession of the chattels sold to the bidders, it was easy for the plaintiff to show it. This he did not do, and consequently failed to prove the commission of any tort by the defendant."

We think the principles of these cases apply to the question before us now. The levy was made upon the chattels as the property of Isadore Potash and the sale was of his right, title and interest in the goods. If he had no interest which could be sold, the sale was in law a nullity. At least no attempt was made to disclaim any interest which the Potash corporation claimed in the property and no attempt was made to take possession of the goods or to deliver them to the purchaser at the execution sale. We are of the opinion that no act was committed which amounted to a conversion of the goods, and therefore the plaintiff's proofs failed to make out a cause of action and the motion to nonsuit should have been granted.

The judgment is reversed.