HENRIETTA GUNTHER, PLAINTIFF-APPELLEE, v. THE MOREY LARUE LAUNDRY COMPANY, DEFENDANT-APPELLANT.

Argued October 6, 1942—Decided January 14, 1943.

■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Martin P. O'Connor*.

For the appellee, *Charles A. Otto, Jr.* (*Louis C. Lehman, Jr.,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an action in replevin. It is the second but differently grounded action between the same parties and in the same court, which plaintiff has prosecuted against defendant concerning her bedspread.

It is conceded that the single question requiring our decision is whether the trial judge erred in holding that defendant's payment of the judgment which plaintiff recovered in her first action did not, on the record in support of that satisfied judgment, defeat her right successfully to maintain the instant action of replevin for the return of her spread.

The facts which give rise to the stated question are free from dispute; their legal efficacy is not. The agreed state of case chiefly consists of a resume of the allegations set down in the state of demand in each action and the result reached in each.

From the meager record thus submitted we learn that plaintiff on July 1st, 1940, "left with" or "delivered to defendant," engaged in the laundry or dry cleaning business, her "cream colored hand crocheted bedspread" to be dry cleaned for a fixed price. Because defendant, in its undertaking, damaged her spread, plaintiff refused to accept same and defendant has since retained possession thereof.

On May 1st, 1941, plaintiff sued defendant to recover compensation for the damage to her spread. The gravamen of the state of demand is concededly negligence. The acts of negligence alleged were that the defendant "laundered" and "re-laundered" the spread instead of having "dry cleaned" it, that defendant "was careless, negligent and incompetent,"

that, as a result thereof, the spread was "so damaged that it had lost its value as such," and that the "reasonable value" of the spread "was $150," which amount plaintiff sought to recover from defendant. This suit (first action) resulted in a judgment of $75, plus costs of $7.71, total $82.71, in favor of plaintiff, which judgment defendant paid but continued in possession of the spread.

Thereafter, on September 8th, 1941, plaintiff made formal demand for the return of her spread. Defendant refused the demand. Whereupon, on December 29th, 1941, plaintiff instituted this replevin suit (second action). Defendant offered in evidence the entire file in the first action and challenged plaintiff's asserted right to her spread. That challenge was based upon the premise that it had both "legal possession" and "legal title" to the spread, that plaintiff had neither because its (defendant's) payment of the stated judgment and costs in the first action "transferred" to it, by operation of law, the right of possession of and title to the spread.

The trial judge, sitting without a jury, held that the verdict and judgment based thereon, in the first action, was one for "damages" to the bedspread and, therefore, title thereto "did not [as urged] pass from plaintiff to defendant." Accordingly, he entered "judgment of possession for plaintiff." Defendant appeals.

We are of the opinion that the trial judge reached a correct result. In support of its claim of possession of and title to the spread, defendant relies here, as it did below, upon the holding in the cases of *Bauer* v. *Hess, 76 N. J. L.* 257; 89 *Atl. Rep.* 966, and *Siegel* v. *Riverside Box and Lumber Co.,* 89 *N. J. L.* 595; 99 *Atl. Rep.* 407. These cases are clearly distinguishable. The former was an action in trover and the latter was an action in conversion. The gist of both actions is "conversion." *Cf. Baude* v. *Chemical Bank and Trust Co.,* 115 *N. J. L.* 120, 122: 178 *Atl. Rep.* 799; *Polash Stores, Inc.,* v. *Bay Development Corp.,* 118 *N. J. L.* 242; 192 *Atl. Rep.* 379. And "conversion can only result from intentional conduct." 1 *Prosser on Torts* 572, *et seq.; Farrow* v. *Ocean County Trust Co.,* 121 *N. J. L.* 344, 348; 2 *Atl. Rep.* (2d)

352.   The gist of plaintiff's first action, as already observed, concededly is negligence, which is not intentional conduct.

But however the form of plaintiff's first action may be characterized, the question still remains whether the judgment that was satisfied covered the full value of the spread. For clearly plaintiff may not have both the full cash value of her spread and the spread. *Bauer* v. *Hess, supra* (at p. 258).

It is true that the state of demand alleges, *inter alia,* that the spread "was so damaged that it lost its value as such," but it is equally true that the state of demand alleges the particulars in which the spread was damaged as a result of which "it lost its value as such," namely, that it was "stretched," its "original color" was removed, "its texture" became stiff and its "tensile strength" was "measurably lessened." We here mark the fact that the state of demand does not allege, nor is it otherwise made to appear, that the defendant had rendered the spread entirely worthless. *Cf. May* v. *Georger,* 47 *N. Y. Supp.* 1057; 21 *Mis. R.* (*N. Y.*) 622. It is rudimentary that the *"allegata* and *probata* must agree; the latter must support the former." *Cf. Boone et al.* v. *Chiles et al.,* 10 *Peters* (*U. S.*) 177\*, 208\*; 9 *L. Ed.* 388, 389. So, too, the verdict and the judgment based thereon, necessarily must in turn find support in the allegations and proofs. In light of these principles and in the absence of an allegation or proof that the spread was rendered entirely worthless, we are unable to say that the judgment and costs of $82.71, satisfied by defendant, covered the full value of the spread which value, as observed, plaintiff alleged to be $150. Rather are we obliged to find, under the circumstances, that the judgment finds support in the allegations of the state of demand and the proofs in support thereof and that it covers, as the trial judge found, compensation for the damage done to the spread.

Judgment is affirmed, with costs.