114 N.J. Super. 263 (1971)
276 A.2d 153
ROYAL STORE FIXTURE CO., A CORPORATION, PLAINTIFF-RESPONDENT,
v.
NEW JERSEY BUTTER COMPANY, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1971.
Decided March 31, 1971.
*266 Before Judges KILKENNY, HALPERN and LANE.
Mr. George G. Tartar argued the cause for appellant.
Mr. Neil F. Deighan, Jr., argued the cause for respondent (Messrs. Kisselman, Devine, Deighan & Montano, Attorneys; Mr. Deighan, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Defendant appeals from a final judgment in the amount of $7,436.92 together with costs. The matter was submitted to the trial court upon a stipulation of facts and briefs. The trial court found that defendant had converted goods of plaintiff and fixed the value at the amount remaining due on an installment sale contract covering the goods at the time of conversion.
Defendant obtained a judgment against one Laskey, individually and trading as Silver Slicer, in Delaware County, Pennsylvania, in the amount of $5,663.70. Execution was issued to the sheriff of the County of Delaware. Pursuant to a levy by the sheriff, a sale of property in Laskey's store was held. The property was bought in by the defendant for *267 one dollar and thereafter removed by the defendant from Pennsylvania to New Jersey.
Plaintiff had sold the property to Laskey in Pennsylvania under an installment sale contract duly filed in Pennsylvania and held a security interest in the property. At the time of defendant's judgment against Laskey, Laskey was in default under the terms of the installment sale contract. The unpaid balance due on the installment sale contract was $7,436.92. The value of the property levied upon and sold was more than $7,436.92.
On February 6, 1967 plaintiff's Philadelphia counsel wrote to defendant's Delaware County counsel advising that plaintiff was entitled to either the balance due on the installment contract or the goods that had been sold. This letter was answered February 14, 1967 by a mere statement that the goods were "in possession of New Jersey Butter Company, located at 1482 South Ninth Street, Camden, N.J." By letter dated March 7, 1967 defendant's Delaware County counsel advised plaintiff's Philadelphia counsel that defendant stood "ready, willing and able to return the equipment * * *."
On appeal defendant argues: (1) a debtor's rights in collateral can be involuntarily transferred; (2) there must have been a demand for the return of the property before defendant can be guilty of conversion because the taking was lawful; and (3) defendant was an improper party.
We consider first whether the law of New Jersey, the forum state, or the law of Pennsylvania, the state in which the security agreement was entered into and where the goods were located, should be applied. The New Jersey conflicts rule is applicable. In re Damato, 86 N.J. Super. 107, 116 (App. Div. 1965). Under our conflicts rule the law of the state which has the most significant relationship with the occurrence or transactions of the parties will control as to the substantive matters. Maffatone v. Woodson, 99 N.J. Super. 559 (App. Div. 1968), certif. den. 51 N.J. 577 (1968). Since the security agreement was made in Pennsylvania *268 and the property was located in Pennsylvania at that time and also at the time of the levy, the law of Pennsylvania is applicable. Daily v. Somberg, 28 N.J. 372 (1958); Cooper v. Philadelphia Worsted Co., 68 N.J. Eq. 622 (E. & A. 1904); Van Dyke v. Bolves, 107 N.J. Super. 338 (App. Div. 1969). However, the question of whether the defendant is the proper party is a matter of procedure to be determined by our law. Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176 (1962).
The financing statement from Laskey to plaintiff (a Pennsylvania installment sale contract) included all of the necessary requisites required by 12A P.S. § 9-402. The requirements for filing (12A P.S. § 9-401) were complied with. Plaintiff was the holder of a perfected security interest in the property involved. Since there had been proper filing before the levy and sale, defendant was charged with notice of plaintiff's interest in the property.
Under the Uniform Commercial Code, which has been adopted in Pennsylvania, a debtor's rights in collateral may be transferred. 12A P.S. § 9-311. A transfer of the debtor's rights, however, can in no way affect the secured party's rights in the collateral unless authorized in the security agreement. 12A P.S. § 9-306(2).
Under the terms of the agreement between Laskey and plaintiff, plaintiff had become entitled to possession of the property before the levy by reason of Laskey's default. 12A P.S. § 9-501(1). At the time of the levy plaintiff had the right to immediate possession of the property. Such right is a prerequisite to an action for conversion. United States v. Sommerville, 324 F.2d 712 (3 Cir.1963), cert. den. 376 U.S. 909, 84 S.Ct. 663, 11 L.Ed.2d 608 (1964); 18 Am. Jur.2d, Conversion, § 54, p. 191.
To establish a cause of action for conversion, plaintiff not only must prove that it was entitled to possession of the property but also an act of the defendant wilfully done constituting a deprivation to plaintiff of such right to possession, i.e., an act by defendant of dominion over the *269 property. Norriton East Rlty. Corp. v. Central-Penn Nat. Bank, 435 Pa. 57, 254 A.2d 637 (Sup. Ct. 1969); Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 197 A.2d 721 (Sup. Ct. 1964).
Defendant, relying upon Seaboard Consumer Discount Co. v. Landau's, 167 Pa. Super. 180, 74 A.2d 737 (Super. Ct. 1950), argues that since the execution, levy and judicial sale were made in good faith, there was no act of conversion as a result of the levy. The trial court found that by removing the property from Pennsylvania to New Jersey defendant had exercised such dominion as to constitute a conversion. The parties have not cited to us any Pennsylvania case specifically on point. The New Jersey law, however, is clear that such act would constitute a conversion. Cf. Potash Stores Inc. v. Bay Development Corp., 118 N.J.L. 242 (Sup. Ct. 1937); Ayres v. Tinsman, 74 N.J.L. 295 (Sup. Ct. 1907). Under Evidence Rule 9(3), we apply the New Jersey rule.
Under the facts stipulated a conversion was committed by defendant, even assuming that the execution and levy were valid.
There was no necessity for the plaintiff to prove a demand for the return of the property and a refusal by the defendant since defendant's dominion over the property by removing it from Pennsylvania to New Jersey was unlawful. Stevenson v. Economy Bank of Ambridge, supra.
Defendant was not incorporated until March 22, 1967, which was after the conversion; therefore, it claims that it is an improper party. This issue was not contained in the pretrial contentions of defendant nor was it listed in paragraph 7 of the pretrial order. Under these circumstances we hold that it has been waived. Cf. Terminal Enterprises, Inc. v. Jersey City, 54 N.J. 568, 578 (1969); Jardine Estates v. Koppel, 24 N.J. 536, 542 (1957); R. 4:25-1(b).
The judgment is affirmed.