NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2543
_____

SIXTH ANGEL SHEPHERD RESCUE, INC;
TERRY ELIZABETH SILVA

v.

GEORGE BENGAL; NICOLE WILSON;
PENNSYLVANIA SPCA

Appellants
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-01733)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before:  AMBRO, CHAGARES, and GARTH, Circuit Judges

(Opinion filed: October 14, 2011 )
_____

OPINION
_____

AMBRO, Circuit Judge

Appellants George Bengal, Nicole Wilson and the Pennsylvania Society for the

Prevention of Cruelty to Animals (collectively, the "PSPCA") appeal a decision by the

District Court granting a preliminary injunction in favor of Appellees Sixth Angel Shepherd Rescue, Inc. and Terry Silva (together, "Sixth Angel") and ordering the PSPCA to transfer three dogs to Sixth Angel. Because we believe the District Court did not abuse its discretion in granting the motion for a preliminary injunction, we affirm.

I.

As we write solely for the parties, we recite only those facts necessary to our decision. Sixth Angel Shepherd Rescue, Inc. is an organization based in Pennsylvania that rescues dogs. Terry Silva was the head of its Board of Directors during the time relevant to this appeal.[1] Sixth Angel rescued three dogs—Tank, Butter and Nikki—from North Carolina and contracted to have them delivered to Pennsylvania via a transport vehicle. Based on a confidential tip suggesting poor conditions on that vehicle, the Pennsylvania Bureau of Dog Law Enforcement ("Dog Law") intercepted and seized the vehicle and its contents, including Tank, Butter and Nikki. Dog Law turned the three dogs over to the PSPCA for the purpose of providing them with veterinary examinations. The PSPCA retained the dogs despite Sixth Angel's requests to have them returned to it.

Sixth Angel filed an action against the PSPCA, alleging that the PSCPA's retention of the three dogs violated its constitutional rights and constituted state law conversion. It also filed a motion for a temporary restraining order and/or preliminary injunction seeking the return to it of the dogs. The District Court granted the motion

---

[1] Certain documents regarding the three dogs identify Terry Silva rather than Sixth Angel Shepherd Rescue, Inc. as the dogs' apparent owner. Silva thus has standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

based on the state law conversion claim and ordered that the three dogs be returned to Sixth Angel.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1292(a)(1). In reviewing the District Court's decision to grant a preliminary injunction, we review the District Court's findings of fact for clear error, its conclusions of law *de novo*, and its ultimate decision to grant the preliminary injunction for abuse of discretion. *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). A party seeking a preliminary injunction must satisfy a four-factor test: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Id.* at 147.

Under Pennsylvania law, conversion is the deprivation of another's right in property without the owner's consent or lawful justification. *Prudential Ins. Co. of Am. v. Stella*, 994 F. Supp. 318, 323 (E.D. Pa. 1998). As detailed by the District Court, the evidence demonstrates that Sixth Angel is the rightful owner of Tank, Butter and Nikki. On appeal, the PSPCA argues that its possession of the three dogs is lawful because Dog Law impounded the dogs as contraband. Dog Law did not issue Sixth Angel a citation concerning the conditions under which the dogs were transported. Sixth Angel made a regrettable choice in transporters, but this does not affect its ownership of the dogs. The District Court did not commit clear error in determining that Sixth Angel demonstrated a substantial likelihood of success on the merits of its state law conversion claim.

3

In retaining possession of the dogs, the PSPCA deprived Sixth Angel of its unique property. The harm to Sixth Angel is significant. Conversely, as the District Court noted, the PSPCA did not present evidence establishing its right to continued possession of the dogs and nothing indicates that Sixth Angel cannot maintain the health and welfare of the dogs. The risk of harm to the PSPCA is slight. Finally, the public interest is best served by returning the dogs to their owner, thereby settling property rights and allowing Sixth Angel to fulfill its mission by finding homes for Tank, Butter and Nikki. The District Court did not abuse its discretion in granting the preliminary injunction and ordering the PSPCA to return the three dogs to Sixth Angel.[2]

For these reasons, we affirm.

---

[2] Fed. R. Civ. P. 65(c) requires that a court issuing a preliminary injunction direct the successful applicant to post a bond. The amount of the bond is left to the court's discretion. *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988). The District Court did not abuse its discretion in requiring Sixth Angel to post a $250 bond.