NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 11-2510
_____

SIXTH ANGEL SHEPHERD RESCUE, INC.,

Appellant

v.

SUSAN WEST; DOG LAW ENFORCEMENT BUREAU;
RICCI PYLE; JAMES SCHILIRO; BOROUGH OF MARCUS HOOK;
JOSEPH LOUGHLIN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cv-03101)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2012

Before:  McKEE, *Chief Judge*, SLOVITER, *Circuit Judge*
and O'CONNOR, *Associate Justice* (Ret.)[*]

(Filed: April 23, 2012)
_____

OPINION
_____

_____

[*] Hon. Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme Court of the
United States, sitting by designation.

SLOVITER, *Circuit Judge*.

Sixth Angel Rescue, Inc. ("Sixth Angel") filed a 42 U.S.C. § 1983 complaint against the Pennsylvania Department of Agriculture Bureau of Dog Law Enforcement ("Dog Bureau"), its Director Susan West ("West"), its Dog Warden Joseph Loughlin ("Loughlin") (collectively "the Dog Law Defendants"), Marcus Hook Borough ("Marcus Hook"), Marcus Hook police officer Ricci Pyle ("Pyle"), and James Schiliro, the Mayor of Marcus Hook ("Schiliro") (collectively "the Marcus Hook Defendants"). All Defendants filed motions to dismiss, which the District Court granted. Sixth Angel appealed, and we will affirm.[1]

## I.

Because we write primarily for the parties, we will recount only the facts that are essential to our decision. Sixth Angel is a non-profit corporation operating as a licensed rescue network kennel in Pennsylvania. Sixth Angel's founder, Terry Silva ("Silva"), represents Sixth Angel in this case.

On April 1, 2010, Sixth Angel rescued three dogs from North Carolina. Sixth Angel arranged to pick up the dogs from a paid transporter at a McDonald's parking lot in Pennsylvania, where other rescue network kennels also planned to pick up their dogs.[2] At the parking lot, Loughlin saw that the dogs were being kept in terrible conditions. He

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and this court has jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Apparently unbeknownst to Sixth Angel, the transporter did not have an out-of-state license as required under 3 Pa. Stat. Ann. § 459-209(b).

2

"seized the transport documents leaving them outside on top of crates and/or on the ground, took the keys to all of the volunteers and fosters who had arrived to take the dogs and demanded to inspect the conditions of the vans and the dogs, while telling everyone they could not leave and would all receive citations."  App. at 359.

Loughlin called the Pennsylvania Society for the Prevention of Cruelty to Animals ("PASPCA") to investigate possible violations of the animal cruelty law.[3]  PASPCA took the dogs "under the auspices of a veterinary evaluation, despite the presence of veterinary records."  Appellant's Br. at 13.  Several of the rescues[4] were issued citations that day, but neither Sixth Angel nor Silva received a citation until after Sixth Angel shared its plans to file a lawsuit.  Silva was issued a citation for violating § 459-603(c) of the Pennsylvania Dog Law, which prohibits sale or transfer of a dog in a public place.  The citation was eventually withdrawn.

Around the time the citation against Silva was issued, Sixth Angel and Silva sued PASPCA and two of its officials under 42 U.S.C. §§ 1983, 1985, and 1988 over the seizure of its dogs.  Sixth Angel and Silva filed a motion for a preliminary injunction seeking the return of their dogs, which was granted and affirmed on appeal.  *See Sixth Angel Shepherd Rescue, Inc. v. Bengal*, No. 10-1733, 2010 WL 2164521 (E.D. Pa. May

---

[3] Humane societies such as PASPCA have certain enforcement powers under Pennsylvania's animal cruelty statute.  *See* 18 Pa. Cons. Stat. Ann. § 5511(i), (j), & (*l*).

[4] A rescue network kennel (hereinafter "rescue") is "[a] kennel that utilizes rescue network kennel homes with the goal of ultimately transferring the dog to a permanent owner or keeper through any means of transfer."  3 Pa. Stat. Ann. § 459-102.

27, 2010), *aff'd*, 448 F. App'x 252 (3d Cir. 2011). The PASPCA later returned the dogs to Sixth Angel.

In this action, Sixth Angel alleges, inter alia, that the Dog Law Defendants violated its rights by their treatment of Sixth Angel and that the Marcus Hook Defendants violated Sixth Angel's rights by issuing numerous "baseless" citations and zoning violations.[5] After Sixth Angel amended its complaint twice, all Defendants filed motions to dismiss. The District Court granted these motions in part, dismissing Sixth Angel's claims for declaratory judgment regarding the constitutionality of 3 Pa. Stat. Ann. §§ 459-209(b)[6] and 459-603(c)[7] on the merits, and dismissing the rest of the claims without

---

[5] The Statement of Issues in Sixth Angel's brief on appeal includes the question, "Did The District Court Improperly Docket the Draft Complaint?" Appellant's Br. at 10. Despite making passing references to the District Court's "instantly" filing "what had been a draft," *id.* at 26, Sixth Angel does not explain how the District Court's docketing of what Sixth Angel itself asserted to be a "true and correct copy" of the proposed amended complaint constituted legal error. App. at 227. Therefore, this claim is dismissed.

[6] Section 459-209(b) states:

> It shall be unlawful for out-of-state dealers to sell, exchange, negotiate, barter, give away or solicit the sale, resale, exchange or transfer of a dog or transport a dog into or within the Commonwealth or to operate or maintain a dealer kennel or to deal in any manner with dogs without first obtaining an out-of-state dealer license from the department. It shall be unlawful for a kennel licensed under this act to knowingly accept, receive, buy, barter or exchange a dog with an unlicensed out-of-state dealer for resale. A conviction for a violation of this section shall result in a penalty as determined under section 903(c). Each transaction for each dog shall constitute a separate violation.

[7] In relevant part, § 459-603(c) states:

4

prejudice, giving Sixth Angel the opportunity to file a third amended complaint. The District Court's Order stated that the third amended complaint "must comply with Rule 8 of the Federal Rules of Civil Procedure, including a short and plain statement of [Sixth Angel's] claims and a demand for relief sought as to each defendant" and further directed Sixth Angel "to organize its Third Amended Complaint to allege a distinct cause of action in each count." App. at 4-5.

Sixth Angel filed the Third Amended Complaint.[8] All Defendants filed motions to dismiss, which the District Court granted. Sixth Angel appealed.

## II.

We exercise plenary review over a District Court's dismissal pursuant to Rule 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

It shall be unlawful for any person to buy, sell, offer to sell, transfer, barter, trade, raffle, auction or rent a dog at any public place in this Commonwealth other than a kennel licensed pursuant to this act, or a dog show, performance event or field trial sponsored by a recognized breed or kennel association or transfer by a rescue network kennel within its own network or to another rescue network kennel.

[8] The Third Amended Complaint contains the following eleven numbered claims: (I) Fourth Amendment—Dog Law Defendants, (II) Fourth Amendment—Marcus Hook Defendants, (III) Declaratory Judgment Against Dog Law Defendants, (IV) Free Association—Dog Law Defendants, (V) Fourth Amendment Claim Against Seizure of Property and Fourteenth Amendment Right to Due Process and Property—All Defendants, (VI) Fourth Amendment Claim Against All Defendants, (VII) Substantive Due Process Against Schiliro and Marcus Hook Borough, (VIII) First Amendment—Marcus Hook Borough and Schiliro, (IX) Fourth Amendment—Abuse of Process—All Defendants, (X) Conversion—Loughlin, West, and Dog Bureau, and (XI) Bailment As Against Loughlin, West, and Dog Bureau.

5

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A. Declaratory Judgment Claims

The District Court dismissed Sixth Angel's declaratory judgment claims challenging the constitutionality of Pennsylvania Dog Law §§ 459-209(b) and 459-603(c) under the dormant Commerce Clause and the First Amendment, both facially and as applied to Sixth Angel.

Sixth Angel argues that § 459-209(b) violates the dormant Commerce Clause on its face because it "would enable [the Dog Law Defendants] to cite a rescue by 'accepting' or 'receiving' a dog from someone out of state but not instate." Appellant's Br. at 40; *see supra* note 5. The District Court dismissed this claim, holding that § 459-209(b) does not discriminate against out-of-state dealers[9] and noting that Sixth Angel failed to plead any facts to suggest that this statute burdens interstate commerce. We agree with the District Court's reasoning and will affirm. *See Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 338-39 (2008) ("Under the . . . dormant Commerce Clause analysis, we ask whether a challenged law discriminates against interstate commerce. . . . [but a]bsent discrimination for the forbidden purpose . . . the law will be upheld unless the burden imposed on interstate commerce is clearly excessive in relation to the putative

---

[9] The District Court noted: "Though the law requires out-of-state dealers to pay an additional $300 license fee not applicable to in-state applicants, the Dog Law Bureau has not enforced this fee since it was declared unconstitutional in *Prof'l Dog Breeders Advisory Council v. Wolff*[, No. 1:CV-09-0258, 2009 WL 2948527 (M.D. Pa. Sept. 11, 2009)]." App. at 45.

6

local benefits." (internal quotation marks omitted, citations omitted, and alteration accepted)).

Sixth Angel also argues that § 459-209(b) is unconstitutional as applied to the organization itself. The District Court held that this claim was not ripe for declaratory relief because Sixth Angel did not allege that it had been cited under this provision. *See* App. at 46-47 (citing *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (explaining that courts apply a "refined" test to determine whether a declaratory judgment case is ripe by considering "(1) the adversity of the parties' interests, (2) the conclusiveness of the judgment, and (3) the utility of the judgment." (citations and internal quotation marks omitted))). Given the absence of a developed factual record as to this claim, this decision will be affirmed. *See Khodara*, 376 F.3d at 196 ("Various considerations underpin the ripeness doctrine, including . . . whether the facts of the case are sufficiently developed to provide the court with enough information on which to decide the matter conclusively, and whether a party is genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one." (internal quotation marks and citation omitted)).

In contrast to this lack of a factual record, Sixth Angel's claim that § 459-603(c)[10] is unconstitutional as applied is based on a citation issued against Silva. The District Court dismissed this claim as moot because the citation had been withdrawn. We agree that Sixth Angel's claim suffers because of its failure to demonstrate a reasonable likelihood of recurring harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)

---

[10] *See supra* note 6.

("The rule that a claim does not become moot where it is capable of repetition, yet evades review . . . applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").

Sixth Angel also asserts a facial attack on § 459-603(c), arguing that it is unconstitutionally vague because "transfer" is not defined in the Pennsylvania Dog Law, and that it impedes free association in violation of the First Amendment. The District Court dismissed these claims, holding that Sixth Angel's factual allegations did not support its claim that the vague definition of "transfer" discriminates against or burdens interstate commerce, and that the First Amendment claim failed because the common meaning of the word "transfer" provides adequate notice of the conduct that this statute prohibits. We agree with the District Court's reasoning, and will affirm these rulings. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) ("[A] facial challenge must fail where the statute has a 'plainly legitimate sweep.'" (citation omitted)).

B. Dog Law Defendants' Sovereign Immunity Under the Eleventh Amendment

The District Court concluded that "only Sixth Angel's claims for injunctive relief and its personal capacity claims survive the Court's Eleventh Amendment analysis with respect to . . . the Dog Law Defendants." App. at 21. Specifically, the District Court dismissed (i) Sixth Angel's claims against the Dog Bureau because Pennsylvania has not waived its sovereign immunity, (ii) Sixth Angel's damages claims against West and Loughlin in their official capacities, and (iii) Sixth Angel's federal damages claims

8

against the Dog Law Defendants because state agencies and state officers acting in their official capacities are not "persons" within the meaning of § 1983.

The District Court's reasoning is sound. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, we will affirm the District Court's dismissal of the claims against the Dog Bureau and the damages claims against West and Loughlin in their official capacities.[11]

## C. Sixth Angel's Standing to Seek Injunctive Relief

Sixth Angel obliquely argues that injunctions are appropriate because "West as Director and [the Dog Bureau] have sanctioned these seizures and established policies/procedures penalizing out-of-state dog rescues." Appellant's Br. at 67. The District Court dismissed Sixth Angel's claims for injunctive relief for lack of standing, explaining that "[a]t best, the Third Amended Complaint seeks the sort of 'obey the law' injunctions courts routinely decline to grant." App. at 22. We again agree with the District Court's reasoning and will affirm its dismissal of Sixth Angel's claims for injunctive relief. *See Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) ("[A]ppellate courts will not countenance injunctions that merely require someone to 'obey the law.'" (citation omitted)).

## D. Sixth Angel's Associational Standing

---

[11] Sixth Angel argues that Pennsylvania waived sovereign immunity in 42 Pa. Cons. Stat. §§ 8522(b)(3), (6), & 8542(b)(8). *See* Appellant's Br. at 68. This argument is without merit because this waiver does not apply to suits filed in federal court. *See* 42 Pa. Cons. Stat. §8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

The District Court held that Sixth Angel did not have associational standing to pursue the rights of its members including its counsel, Silva, because individualized claims for damages predominate, and many of its damages claims are not shared by all of its members. The District Court noted that "Sixth Angel's pleadings conflate harm to the organization with injuries to various individual Sixth Angel members, particularly Silva herself." App. at 24.

We agree with the District Court's conclusion in light of our decision in *Pennsylvania Prison Society v. Cortes*, 622 F.3d 215, 228 (3d Cir. 2010) ("An association has standing to bring suit on behalf of its members when; (a) its members would otherwise have standing to sue in their own right; (b) the interests at stake are germane to the organization's purpose, and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (alteration accepted and citation omitted)). We also agree with the District Court's holding that there is no third-party standing in this case given that Sixth Angel's members can bring their own claims. *See Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003) (To successfully assert third-party standing, inter alia, "the third party must face some obstacles that prevent it from pursuing its own claims.").

E. Sixth Angel's Remaining Damages Claims

The District Court characterized Sixth Angel's remaining damages claims arising from injury to the Sixth Angel organization itself as follows: (1) Fourth Amendment and state law claims against Loughlin and West relating to the April 10, 2010 seizure of Sixth Angel's dogs, (2) First Amendment expressive association and retaliation claims against

10

all Defendants, (3) Fourth and Fourteenth Amendment claims arising from a zoning dispute with Marcus Hook, and (4) Fourth Amendment abuse of process claims against all Defendants.[12]

The District Court dismissed the Fourth Amendment and state law claims against Loughlin and West relating to the April 10, 2010 seizure of Sixth Angel's dogs because West and Loughlin did not seize Sixth Angel's dogs. Under the allegations in the Third Amended Complaint, PASPCA seized Sixth Angel's dogs on April 10. The fact that

---

[12] The District Court stated that it was "possible that Sixth Angel has buried further claims in its pleading beyond those identified in its eleven numbered counts," explaining that "the Court observes that Sixth Angel alludes to other causes of action, including: various forms of conspiracy; defamation; equal protection; and harm to unspecified liberty interests and civil rights." App. at 16 (citations omitted). The District Court granted Defendants' requests to dismiss any such claims with prejudice "for repeated noncompliance with Rule 8." App. at 17 (noting Sixth Angel had already been given the opportunity to amend its complaint to comply with Rule 8).

This court reviews a district court's decision to dismiss claims under Rule 8 for abuse of discretion. *In Re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) ("It is well settled that the question on review is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did." (internal quotation marks and citation omitted)). Sixth Angel argues that "the last Amended Complaint, and every preceding complaint, alleged specific facts and also legal allegations for claims of retaliatory government conduct, the conspiracy of the government parties, First and Fourth Amendment, Equal Protection Amendment and Substantive Due Process Amendment violations. . . .There is no requirement under Federal Rule of Civil Procedure 8 that claims and defendants be separated into counts. While that was the trial court's preference, it is not a pleading requirement." Reply Br. at 8. Because these claims were addressed by the District Court, Sixth Angel's argument does not provide a basis for concluding that the Court erred by dismissing claims beyond the eleven numbered claims in Sixth Angel's Third Amended Complaint for failure to comply with Rule 8. Therefore, this decision was not an abuse of discretion, and it will be affirmed.

11

PASPCA has now returned the dogs to Sixth Angel pursuant to a preliminary injunction in another case confirms that the dogs were in PASPCA's possession.[13]

The District Court dismissed Sixth Angel's First Amendment expressive association claim against all Defendants. Sixth Angel argues that "[c]itations for the 'transfer' of dogs in public and/or behaviors of local borough officials in harassing foster families are significant interference in rescue activities which . . . should be freely permitted under free association guarantees." Appellant's Br. at 37. The District Court concluded that this argument is apparently based on Sixth Angel's belief that portions of the Pennsylvania Dog Law are unconstitutional, a contention that we have already rejected. Given that Sixth Angel has failed to demonstrate that complying with the Pennsylvania Dog Law will affect its ability to "promot[e] the humane treatment of animals and dog rescue," Appellant's Br. at 37, we will affirm the dismissal of Sixth Angel's expressive association claim.

---

[13] This court's opinion affirming the District Court's grant of the preliminary injunction described the relevant facts differently, as it stated: "the Pennsylvania Bureau of Dog Law Enforcement ("Dog Law") intercepted and seized the vehicle and its contents, including [Sixth Angel's three dogs]. Dog Law turned the three dogs over to the P[A]SPCA for the purpose of providing them with veterinary examinations. The P[A]SPCA retained the dogs despite Sixth Angel's requests to have them returned to it." *Sixth Angel Shepherd Rescue*, 448 F. App'x at 253. Based on the facts as alleged in Sixth Angel's Third Amended Complaint in this case, it is not clear that the dogs were ever in the possession of Loughlin or the Dog Bureau. Even if Loughlin originally seized the dogs in order to inspect the transportation vehicle, he reasonably believed he was authorized to do so under 3 Pa. Stat. Ann. § 459-213, which states that "[a]ll vehicles being used to transport dogs are subject to inspection." The PASPCA then maintained possession of the dogs until they were returned to Sixth Angel pursuant to the preliminary injunction.

12

Sixth Angel's apparent First Amendment retaliation claim against all Defendants allegations fails to demonstrate the required causal connection between Sixth Angel's protected activity and the Defendants' actions. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (Plaintiffs who assert a First Amendment retaliation claim must show, inter alia, that they "engaged in a protected activity," and that there was "a causal connection between the protected activity and the retaliatory action.").

The District Court also dismissed the Fourth and Fourteenth Amendment claims arising from Sixth Angel's zoning dispute with Marcus Hook. Sixth Angel appears to argue that its rights under the Fourth Amendment were violated by the alleged loss of the use of its property, and that its procedural and substantive due process rights under the Fourteenth Amendment were violated through the zoning dispute with Marcus Hook. We agree with the District Court's conclusions that Sixth Angel's property was never seized, that Sixth Angel received sufficient process, and that the Marcus Hook Zoning Hearing Board did not violate Sixth Angel's rights by refusing to reschedule the hearing for its case a fourth time to accommodate Sixth Angel's counsel's schedule.

Sixth Angel's abuse of process claims against all Defendants were dismissed because Sixth Angel failed to link these claims to a constitutional injury caused by the Defendants. In support of its abuse of process claims, Sixth Angel argues that Marcus Hook "sought to spuriously cite and prosecute Sixth Angel and those associated with Sixth Angel." Appellant's Br. at 51.

13

"Generally speaking, to recover under a theory of abuse of process, a plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003). "To establish a claim for abuse of process [under Pennsylvania common law,] it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008) ("[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." (citation omitted)).

Sixth Angel lacks associational or third party standing to pursue abuse of process claims on behalf of parties other than the organization itself. *See supra* Part II.D. The District Court properly concluded that Sixth Angel failed to link its abuse of process claims with an injury.

## III.

Sixth Angell's Third Amended Complaint contains a shotgun of claims, none of which stands up to legal analysis, as the District Court noted and we agree. For the foregoing reasons, the District Court's Order dismissing Sixth Angel's Third Amended Complaint is affirmed.

14