Norriton East Realty Corporation *v.*
Central-Penn National Bank,
Appellant.

Argued January 7, 1969. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*C. Laurence Cushmore, Jr.,* with him *LeRoy E. Perper,* and *White and Williams,* for appellant.

*Samuel Kravitz,* with him *Ronald Kravitz, Harry Fuiman,* and *Kravitz & Kravitz,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 27, 1969:

The appellee in this action of conversion is a corporation which was formed to build and operate an

apartment building. In order to accomplish this purpose, it obtained several loans from appellant which were secured by three mortgages. Appellee experienced financial difficulties and at appellant's request assigned all leases and directed its rental agent to turn over all rents to the appellant-mortgagee. Appellant eventually instituted foreclosure proceedings and purchased the property at sheriff's sale satisfying its claim out of the proceeds of the sale. The bid however was assigned to a third party to whom the sheriff conveyed the premises. The appellee's officers then requested and obtained the return of the obligation notes. Subsequently this action for conversion of the gas ranges, air conditioners, refrigerators, and carpeting that remained on the premises was instituted. The court below held that these items were personalty rather than fixtures and that appellant had converted them and thus entered judgment for their stipulated worth of $30,140.00. We must reverse.

Appellee contends that these items were not fixtures and hence did not become part of the realty. Had they been part of the real estate they could not be the subject of an action for conversion, 18 Am. Jur. 2d *Conversion* §20 (1965). Because of the basis upon which we reverse we do not determine whether these items are fixtures under the "assembled industrial plant" doctrine, or are in some other way covered by the wording of the mortgage agreement. It is apparent that if they were part of the real estate they passed with the real estate at the sheriff's sale.

If, as contended, these items were personalty, appellant had neither possession nor dominion over this personalty and an action for conversion does not lie. When appellant, with the consent of appellee, took over the rental activities and received the rent proceeds, it was, at most, exercising the rights of a mort-

gagee in possession. As such, appellant obtained control over the realty only. When the writ was executed, it was executed on the realty only. The bid that was assigned was on the realty only. When the third party took possession, it took the realty only. However, even if there were possession of the personalty, the record is barren of the elements that are required to substantiate a conversion.

Salmond defines conversion as an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession. Salmond, Torts (10th ed. 1945) at 286. Prosser describes the following ways in which a conversion can be committed: "(a) Acquiring possession of the goods, with an intent to assert a right to them which is in fact adverse to that of the owner. (b) Transferring the goods in a manner which deprives the owner of control. (c) Unreasonably withholding possession from one who has the right to it. (d) Seriously damaging or misusing the chattel in defiance of the owner's rights." Prosser, Torts, §15 (2d ed. 1955).

No evidence has been submitted which would bring this case within the above definitions. Taken ad seriatim: (a) Even if appellant acquired possession, the intent to assert a right adverse to the owner is lacking. "The intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." Prosser, op. cit. at 70; Restatement 2d, Torts, §223, comment b (1965); Annot., 131 A.L.R. 165, 168 (1941); *Zaslow v. Kroenert,* 29 Cal. 2d 541, 549, 176 P. 2d 1, 6-7 (1946). Here the goods were obtained with the consent of appellee. The goods were left to aid in the rental of the apartments and were accordingly put to that purpose. (b) The goods were not transferred in

violation of the owner's rights. The sheriff conveyed title to the real property only. Rights in the personal property remained unaffected, Annot., 131 A.L.R. 165, 174 (1941); *Shelton v. Piner,* 126 S.W. 65 (Tex. Civ. App. 1910). (c) Possession was not withheld since no demand was made of appellant at any time it could have acquiesced. "A defendant who has come rightfully into possession in the first instance, as for example by a bailment, becomes a converter when he refuses to deliver on demand. Since there has been no wrongful taking or disposal of the property, demand and refusal are necessary to complete the tort." Prosser, op. cit. at 74; *Waring v. Pennsylvania Railroad Co.,* 76 Pa. 491 (1875). No demand was made until after appellant was unable to comply with such demand. Therefore there was no unreasonable withholding. Section (d) is obviously inapplicable.

In the instant case there is no evidence in the record that appellant in any way exercised dominion over these articles or acted in any way inconsistent with appellee's ownership. Appellee had not made a demand for these goods at any time when appellant could have complied with the request. In the absence of any circumstances indicating misapplication or an intent to exercise dominion adverse to the owner, a demand and refusal is an essential element of an action for conversion. Appellee could have asserted its right of possession, if any, at any time during which appellant operated the apartment house. Access to the goods was at no time denied. *Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 197 A. 2d 721 (1964).

We have searched the record and have been unable to find the necessary elements for the cause of action of conversion. The judgment is reversed and the complaint dismissed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.