THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

v.

Thomas M. STELLA.

Civil Action No. 97–4163.

United States District Court, E.D. Pennsylvania.

Feb. 10, 1998.

been satisfied, we see no need to analyze the remaining elements of the preliminary injunction test.

Nathaniel H. Akerman, Seyfarth, Shaw, Fairweather & Geraldson, New York City, Sara A. Begley, Reed, Smith, Shaw & McClay, L.L.P., Philadelphia, PA, for Plaintiff.

Michael G. Trachtman, Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, P.C., King of Prussia, PA, for Defendant.

### *MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil action is once again before us for disposition of the parties' cross-motions for summary judgment. For the reasons which follow, defendant's motion shall be granted in part and plaintiff's motion shall be denied in its entirety.

### *History of the Case*

As discussed at greater length in the Findings of Fact recently issued in this court's Decision on plaintiff's motion for preliminary injunction, this action arose out of defendant, Thomas Stella's resignation as a Prudential insurance agent on August 16, 1996 to work for Allstate Insurance Company. On June 19, 1997, Prudential filed this suit against Stella based upon diversity jurisdiction under the common law theories of breach of fiduciary duty, breach of contract, misappropriation of trade secrets, unfair competition, tortious interference with contractual relations and conversion. That same date, plaintiff filed its motion seeking a preliminary injunction to prevent defendant from continuing to use Prudential's client files and confidential client information to solicit his former customers for his new company and for his own benefit.

Following the hearing on the motion for preliminary injunctive relief, defendant filed a motion for summary judgment and/or for partial summary judgment in which he essentially argues: (1) that plaintiff has no legitimate, reasonable entitlement to an injunction against him given that defendant's former Prudential clients contacted him and thus the complaint against him should be dismissed with prejudice; (2) that the non-competition covenant included in the agent's agreement is void and unenforceable for lack of consideration and thus plaintiff is entitled

to neither equitable nor monetary relief on the basis of those covenants; and (3) that because he has since returned all of Prudential's client files and documents in his possession to the company, it has no right to either equitable or monetary relief as the result of his having failed to immediately return those materials.

In response, plaintiff filed a cross-motion for summary judgment against defendant in which it reiterates the same arguments which it advanced in support of its motion for preliminary injunction. As we have already determined that the restrictive covenants are enforceable as a consequence of their having been amended and superseded by the collective bargaining agreement between Prudential and the AFL–CIO & CLC and have denied plaintiff's preliminary injunction motion, we incorporate by reference those portions of our Decision in which those issues are addressed. For the reasons outlined below and the basis of the record presently before us, we cannot agree with defendant that he is entitled to judgment as a matter of law on all of plaintiff's claims.

### Standards Applicable to Summary Judgment Motions

The legal standards and principles to be followed by the district courts in resolving motions for summary judgment are clearly set forth in Fed.R.Civ.P. 56. Subsection (c) of that rule states, in pertinent part,

> ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

In this way, a motion for summary judgment requires the court to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). *See Also: Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990).

As a general rule, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the court must view the facts in the light most favorable to the party opposing the motion and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa. 1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa. 1990).

When, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response...must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate may be entered against [it]." Fed.R.Civ.P. 56(e).

A material fact has been defined as one which might affect the outcome of the suit under relevant substantive law. *Boykin v. Bloomsburg University of Pennsylvania*, 893 F.Supp. 378, 393 (M.D.Pa.1995) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*, citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### Discussion

■ Under Pennsylvania law, it is axiomatic that a cause of action for breach of

contract is established by showing (1) the existence of a contract to which plaintiff and defendant were parties; (2) the essential terms of the contract; (3) a breach of the duty imposed by the contract and (4) that damages resulted from the breach. *Electron Energy Corp. v. Short*, 408 Pa.Super. 563, 597 A.2d 175 (1991), aff'd. w/o opinion, 533 Pa. 66, 618 A.2d 395 (1993); *General State Authority v. Coleman Cable & Wire Co.*, 27 Pa.Cmwlth. 385, 365 A.2d 1347 (1976).

■■■ A fiduciary duty arises when the relationship between parties is one of trust and confidence such that the party in whom trust and confidence is reposed must act with scrupulous fairness and good faith in his dealing with the other and refrain from using his position to the other's detriment and his own advantage. *Young v. Kaye*, 443 Pa. 335, 279 A.2d 759, 763 (1971). Fiduciary duty demands undivided loyalty, prohibits conflicts of interest and its breach is actionable. *See: Maritrans v. Pepper, Hamilton & Scheetz*, 529 Pa. 241, 602 A.2d 1277, 1283 (1992), citing, *inter alia*, *Stockton v. Ford*, 52 U.S. (11 How.) 232, 13 L.Ed. 676 (1850). An employee, as an agent of his employer, is considered a fiduciary with respect to matters within the scope of his agency and is subject to a duty not to act or to agree to act during the period of his agency for persons whose interests conflict with those of the principal in matters in which the agent is employed. *SHV Coal, Inc. v. Continental Grain Co.*, 376 Pa.Super. 241, 545 A.2d 917, 920–921 (1988), rev'd on other grounds, 526 Pa. 489, 587 A.2d 702 (1991).

■■■ In order to prevail on a claim for interference with contractual relations, the plaintiff must plead and prove four elements: (1) the existence of a contractual relation; (2) defendant's purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of any privilege or justification on the part of the defendant; and (4) damages resulting from defendant's

conduct. *Gundlach v. Reinstein*, 924 F.Supp. 684, 693 (E.D.Pa.1996).[1] Of these elements, the one of threshold importance is intent. Thus, where a defendant's breach of his contract with the plaintiff has only an incidental consequence of affecting plaintiff's business relationships with third persons, an action lies only in contract for defendant's breaches, including any recoverable consequential damages. *Chrysler Credit Corp. v. B.J.M., Jr., Inc.*, 834 F.Supp. 813, 843 (E.D.Pa.1993), citing *DiCesare–Engler Productions, Inc. v. Mainman, Ltd.*, 81 F.R.D. 703, 710 (W.D.Pa.1979) and *Glazer v. Chandler*, 414 Pa. 304, 200 A.2d 416, 418 (1964). *See Also: Commonwealth, Department of Transportation v. Cumberland Construction Co.*, 90 Pa.Cmwlth. 273, 494 A.2d 520, 525–526 (1985).

■■■ Unfair competition is a common law cause of action which has been defined as the passing off by a defendant of his goods or services as those of plaintiff by virtue of substantial similarity between the two leading to confusion on the part of potential customers. *Schmid Laboratories v. Youngs Drug Products Corp.*, 482 F.Supp. 14, 21 (D.N.J.1979). *See Also: Guardian Life Ins. Co. of America v. American Guardian Life Assurance Co.*, 943 F.Supp. 509, 517 (E.D.Pa. 1996). To succeed on these claims, a plaintiff must show that defendant uses a designation in connection with goods, which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of defendant's goods and that plaintiff has been or is likely to be damaged by these acts. *First Keystone Bank v. First Keystone Mortgage, Inc.*, 923 F.Supp. 693, 707 (E.D.Pa.1996). Stated otherwise, for a party to violate unfair trade law, it must misrepresent its product's origin, or it must create a likelihood of confusion as to its product's origin, or make false representations or descriptions of its product. *Mercury Foam Corp. v. L & N Sales &*

---

1. These elements derive from Section 766 of the Restatement (Second) of Torts, which provides:

 One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

 *See, e.g.: Gemini Physical Therapy v. State Farm Mutual Automobile Insurance Co.*, 40 F.3d 63, 66 (3rd Cir.1994).

*Marketing*, 625 F.Supp. 87, 91 (E.D.Pa.1985); *Morgan's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 136 A.2d 838, 840 (1957).

 Actions for misappropriation of trade secrets are proven where the following elements are established: (1) the existence of a trade secret; (2) which was communicated in confidence to defendant and (3) used by defendant in breach of that confidence (4) to the detriment of the plaintiff. *GE Capital Mortgage Services, Inc. v. Pinnacle Mortgage Investment Corp.*, 897 F.Supp. 854, 870 (E.D.Pa.1995). To be entitled to an injunction against the use or disclosure of trade secrets or confidential information under Pennsylvania law, a plaintiff must show: (1) that the information constitutes a trade secret; (2) that it was of value to the employer and important in the conduct of his business; (3) that by reason of discovery or ownership the employer had the right to the use and enjoyment of the secret; and (4) that the secret was communicated to the defendant while employed in a position of trust and confidence under such circumstances as to make it inequitable and unjust for him to disclose it to others, or to make use of it himself, to the prejudice of his employer. *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1255 (3rd Cir.1985); *Felmlee v. Lockett*, 466 Pa. 1, 351 A.2d 273, 277 (1976); *Mettler–Toledo, Inc. v. Acker*, 908 F.Supp. 240, 246 (M.D.Pa.1995).[2]

 Conversion, under Pennsylvania law, is the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith without the owner's consent and without legal justification. *Universal Premium v. York Bank & Trust Co.*, 69 F.3d 695, 704 (3rd Cir.1995); *Norriton East Realty Corp. v. Central–Penn National Bank*, 435 Pa. 57, 60, 254 A.2d 637, 638 (1969); *Eisenhauer v. Clock Towers Assoc.*, 399 Pa.Super. 238, 582 A.2d 33, 36 (1990).

 Conversion can be committed in several ways: (1) acquiring possession of the chattel with the intent to assert a right to it which is adverse to the owner; (2) transferring the chattel and thereby depriving the owner of control; (3) unreasonably withholding possession of the chattel from one who has the right to it; and (4) misusing or seriously damaging the chattel in defiance of the owner's rights. *Fort Washington Resources, Inc. v. Tannen*, 846 F.Supp. 354, 361 (E.D.Pa.1994) citing *Norriton*, 435 Pa. at 60, 254 A.2d at 638. Where one lawfully comes into possession of the chattel, a conversion occurs if a demand for the chattel is made by the rightful owner and the other party refuses to deliver. *Id.*, citing *Norriton*, 435 Pa. at 61, 254 A.2d at 639. Additionally, defendant need not have a conscious intent of wrongdoing to be liable for conversion, as long as he has exercised wrongful control

---

2. Pennsylvania courts have adopted the definition of trade secret found in comment b to the Restatement of Torts § 757 (1939) which provides, in pertinent part:

> A trade secret may consist of any formula, pattern, devise or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.

*GE Capital, supra*, at 871, citing *Smith v. BIC Corporation*, 869 F.2d 194, 199 (3rd Cir.1989); *SI Handling, supra*, at 1255; *Felmlee v. Lockett, supra*, 351 A.2d at 277. A trade secret can be a plan or process, tool or mechanism, compound or element, which is known only to its owner. Novelty is only necessary to show that the alleged secret is not a matter of public knowledge and thus information that is in the public domain cannot be protected as trade secrets. *Id.*

Some factors to be considered in determining whether given information is a trade secret are: (1) the extent to which the information is known

outside of the owner's business; (2) the extent to which it is known by employees and others involved in the owner's business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the amount of effort or money expended by the owner in developing the information and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *SI Handling*, at 1256; *National Risk Management v. Bramwell*, 819 F.Supp. 417, 430 (E.D.Pa.1993).

Customer lists and confidential business information, however, cannot be trade secrets if they are easily or readily obtained, without great difficulty through some independent source other than the trade secret holder and thus courts have denied protection to customer lists which are easily generated from trade journals, ordinary telephone listings, or an employee's general knowledge of who, in an established industry, is a potential customer for a given product. *Bramwell* at 431. *See Also: Morgan's Home Equipment v. Martucci, supra*, 136 A.2d at 842.

over the goods. *Id.* citing *Norriton,* 435 Pa. at 60, 254 A.2d at 638.

 In applying the preceding summary judgment principles to the facts thus far of record in this case,[3] we find that there is sufficient evidence from which a jury *may* conclude that defendant's actions in writing Allstate property and casualty insurance policies for former Prudential clients, in failing to return all of his client files and cards in a timely fashion to Prudential and in taking and selling the computer from the Castor Avenue office constituted a breach of his obligations under the collective bargaining agreement. Likewise, we believe there is sufficient evidence from which a jury could find that in so doing, Stella further breached his fiduciary duties to his former employer, tortiously interfered with Prudential's contractual relations with its customers, and converted Prudential property.

Similarly, we find that while it is questionable as to whether the client files, cards and computer which defendant failed to timely return contained such confidential and proprietary information as to warrant protection as a trade secret, we shall grant plaintiff the opportunity to produce further evidence as to how this information was developed, disseminated to defendant and protected, if at all. Accordingly, defendant's motion for summary judgment as to these claims shall be denied at this juncture.

 The motion shall be granted, however, with respect to plaintiff's unfair competition claim. Indeed, there is absolutely no evidence nor is it even alleged that Stella ever utilized any designation in connection with the insurance products he was selling, which would likely cause confusion, mistake or deception as to the origin, sponsorship or approval of these products and that Prudential has been or is likely to be damaged as a result. *See: Keystone Bank v. First Keystone Mortgage, Inc.,* 923 F.Supp. at 707.

### CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment is granted only with respect to plaintiff's claim for unfair competition and plaintiff's cross-motion for summary judgment as to its claim for injunctive relief is denied.

An appropriate order follows.

### ORDER

AND NOW, this 10th day of February, 1998, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's Cross–Motion for Summary Judgment, it is hereby ORDERED that Defendant's Motion is GRANTED IN PART and DENIED IN PART and judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's claim for unfair competition as set forth in Count III of its complaint. In all other respects, the Motions are DENIED.

---

**3.** Again, we incorporate by reference our findings of fact, conclusions of law and analysis set forth in our Decision denying plaintiff's motion for preliminary injunction.