IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnell Price,                          :
                                        :
                    Appellant           :
                                        : No. 307 C.D. 2017
          v.                            : Submitted: August 4, 2017
                                        :
Corrections Officer Simcox, et al.      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  September 28, 2017


        Donnell Price (Price), proceeding *pro se*, appeals from an order of the Court of Common Pleas of Centre County (trial court), which denied his petition to proceed *in forma pauperis* (IFP) and dismissed his complaint, *sua sponte*, as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1) because he failed to identify any facts or circumstances upon which relief could be granted. Price maintains that the trial court erred or abused its discretion by dismissing his complaint as frivolous and by holding him to a higher standard for pleadings. Upon review, we affirm.

        Price, an inmate currently incarcerated at the State Correctional Institution (SCI) at Rockview, filed the IFP petition and complaint regarding the

alleged confiscation of his personal property by Department of Corrections (Department) staff. Specifically, Price pled a cause of action for the intentional tort of conversion against Corrections Officer Shane Simcox, Regional Deputy Secretary Steven Glunt, and Superintendent (SCI-Rockview) Mark Garman (collectively, Defendants). Price alleged that Defendants deprived him of his property by the action of conversion without consent or lawful justification. Due to an asbestos problem at SCI-Rockview, Price and other inmates were temporarily transferred to another SCI. Price was ordered to pack into boxes any personal items that he could not take with him to be held in storage. Upon his return to SCI-Rockview, Simcox inspected Price's items. Simcox notified Price that Price possessed property in excess of the allowable amount under Department policy. Consequently, Simcox confiscated ten of Price's books[1] and provided Price with a confiscated items receipt. According to Price, Simcox informed him that the books were going to the property room and would likely be returned to him the next day. Price requested to have his books returned. He was informed the books were not in the property room. Price then unsuccessfully pursued the matter through the Department's grievance system. Price was informed that the property room never received his books and that his books could not be located. Price alleged that Simcox took his property without proper cause, his consent, Department authorization or lawful justification. He sought judgment against Defendants for the value of the property in the amount of $380.26 as well as punitive damages. Certified Record (C.R.), Complaint, ¶¶5-26, 30.

_____

[1] Price alleges that a total of 10 books were converted in his complaint. *See* C.R., Complaint, ¶25. However, Price attached to his complaint a copy of the "Inmate Personal Property Inventory" sheet, which he signed, indicating only nine books were inventoried. C.R., Complaint, Attachment #2.

Upon review, the trial court determined that Price's claims were frivolous. The trial court found that Price attempted to state a cause of action for conversion in connection with the books confiscated by Simcox. The trial court explained that conversion is an act of willful interference with chattel, without lawful justification. The trial court determined that Defendants, as officials and employees of the Commonwealth, were protected by sovereign immunity from liability for actions arising from intentional tort claims provided they acted within the scope of their duties. Price did not allege any facts to support that Defendants acted outside the scope of their duties. Thus, the trial court determined Price's claims against Defendants were barred by sovereign immunity. As Price failed to identify any facts or circumstances upon which relief could be granted, the trial court denied Price's application to proceed IFP and *sua sponte* dismissed his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1).

From this decision, Price appealed to this Court.[2] Price contends that the trial court erred or abused its discretion by dismissing his complaint upon determining it was frivolous. Relying on *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2006), he claims employees may not raise sovereign immunity as a defense. He also asserts that the trial court erroneously held him to a higher standard than what is required for pleading practice.

Rule 240(j)(1) governs the procedure by which a person who is without the financial resources to pay the costs of litigation may proceed IFP. Pa. R.C.P. No. 240(j)(1); *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa.

---

[2] Our review of a denial of an IFP application and dismissal of a complaint as frivolous pursuant to Rule 240(j) is limited to determining whether constitutional rights were violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.2d 408, 570 n.3 (Pa. Cmwlth. 2015).

Super. 2009). In conjunction with an application for IFP, the trial court may order dismissal if it is satisfied that the action, proceeding or appeal is frivolous. Pa. R.C.P. No. 240(j)(1). Specifically, Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

*Id.* A frivolous action or proceeding is "one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). "Under Rule 240(j), an action is frivolous 'if, on its face, it does not set forth a valid cause of action.'" *Ocasio*, 979 A.2d at 354 (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997), *appeal denied*, 717 A.2d 1030 (Pa. 1998)); *accord Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015).

An action against Commonwealth parties is invalid if barred by provisions relating to sovereign immunity. *Williams*, 917 A.2d at 917. Generally, Commonwealth officials and employees acting within the scope of their duties are immune from suit, unless immunity is specifically waived. 1 Pa. C.S. §2310. "[S]overeign immunity [acts] as a bar to an action against Commonwealth parties, for damages arising out of a *negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa. C.S. §8522(a) (emphasis added). Although there are delineated exceptions

4

to sovereign immunity,[3] they only apply to claims based in negligence. *Id.*; *see Williams.* Conversely, an action for intentional misconduct is barred by sovereign immunity if the Commonwealth actor was within the scope of his duties. *Williams*, 917 A.2d at 917; *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992); *see* 1 Pa. C.S. §2310. In other words, a Commonwealth defendant may be held liable for negligence if the negligence falls into one of the nine enumerated categories for which immunity has been waived, but may not be held liable for intentional acts, provided he was acting within the scope of his duties. *Williams; La Frankie*.

Here, Price has alleged no cause of action for which sovereign immunity has been waived. Price sets forth a claim for damages for conversion. Our Supreme Court has defined conversion as "an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession." *Norriton East Realty Corp. v. Central-Penn National Bank*, 254 A.2d 637, 638 (Pa. 1969). A claim for conversion arises from an intentional, and not a negligent act, thereby entitling the Commonwealth defendants to sovereign immunity. *See Williams*, 917 A.2d at 917*; see also Stokes*

___

[3] The exceptions are: (1) "vehicle liability"; (2) "medical-professional liability"; (3) "care, custody, or control of personal property"; (4) "Commonwealth real estate, highways, and sidewalks"; (5) "potholes and other dangerous conditions"; (6) "care, custody, or control of animals"; (7) "liquor store sales"; (8) "National Guard activities"; and (9) "toxoids and vaccines." The most relevant exception here is Section 8522(b)(3), which provides that "the defense of sovereign immunity shall not be raised to claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency . . . ." 42 Pa. C.S. §8522(b)(3).

5

*v. Gehr* (Pa. Cmwlth., No 332 C.D. 2011, filed October 19, 2011), *appeal denied*, 40 A.3d 1238 (Pa. 2012).[4]

Price's reliance on *Williams* is misplaced. In *Williams*, the plaintiff, an inmate, filed a complaint against Commonwealth parties for damages to his television. The plaintiff alleged that Commonwealth parties took possession of his color television, which was in good working order, while he was placed in restrictive housing without television privileges. When the television was returned to him, it was broken. The plaintiff set forth two counts in his complaint. In Count I, the plaintiff set forth an action in trespass, which is an intentional tort, alleging that the Commonwealth parties, acting with malice and wantonness, damaged his television and refused to reimburse him. In Count II, he set forth a claim for damages to his television set caused by the negligent care of the television set while it was in the care, custody and possession of Commonwealth parties.

With regard to the intentional tort claim, we concluded that the trial court properly dismissed the claim as frivolous because the Commonwealth parties were protected by sovereign immunity. We held that "when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims." *Id.* at 917 (quoting *La Frankie*, 618 A.2d at 1149). However, with regard to the negligence claim, we determined that the inmate set forth a valid claim for negligence based on the allegations that prison officials *negligently* handled his personal property while it was in their possession.

---

[4] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

*Id.* at 918. The Commonwealth parties were not entitled to sovereign immunity pursuant to Section 8522(b)(3) of the Judicial Code, 42 Pa. C.S. §8522(b)(3) (exception to sovereign immunity for negligent acts relating to the care, custody, and control of personal property). *Williams*, 917 A.2d at 918. Thus, we reversed this portion of the decision. *Id.*

Similarly, in *Goodley v. Folino* (Pa. Cmwlth., No. 2376 C.D. 2010, filed July 22, 2011), the plaintiff alleged that corrections officers intentionally and deliberately seized and confiscated his property as contraband. He did not raise claims that the corrections officers damaged his personal property. This Court held that such intentional conduct does not fall within the personal property exception to sovereign immunity. Thus, the intentional claim was barred by sovereign immunity. *Goodley*.

Here, Price does not assert a negligence claim falling within one of the enumerated exceptions to sovereign immunity or allege any facts in support of such a claim. Rather, Price's action is based on an intentional tort of conversion; he claims Simcox intentionally confiscated his books. Complaint, ¶23. On appeal, Price now argues that Defendants are not entitled to the defense of sovereign immunity because they acted outside the bounds of their employment or scope of their duties. Appellant's Brief at 8.

The issue of whether Defendants are protected by sovereign immunity depends on whether they were acting within the scope of their employment. *See Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014). To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized. *See id.* at 153 (citing Restatement (Second) of Agency §229 (1958)).

7

According to Price, the seized property was not subject to inventory or search because it was previously searched, inventoried, sealed and signed by corrections officers prior to his temporary relocation. Price alleged that, upon his return to SCI-Rockview, Simcox re-inspected the items, inventoried them, notified Price they were subject to confiscation, and issued a confiscation form detailing the items. Complaint, ¶¶8-9. However, Price did not allege any facts to support his claim that Simcox was acting outside the scope of his employment. Regulating and confiscating inmate property falls squarely within the scope of a corrections officer's duties. *See* Department of Corrections DC-ADM 815.[5] Even assuming that Simcox deviated from Department procedure, such would not take him outside the realm of his duties so as to preclude immunity because the conduct was of the same general nature as that authorized. *See Kull*, 81 A.3d at 159 (slight departure from the authorized conduct does not place the entire activity beyond the scope of employment).

With respect to Defendants Garman and Glunt, Price failed to allege their personal involvement regarding the confiscation of his property or any actionable conduct. In his brief to this Court, Price indicates that Garman responded to his grievance, but he does not allege that Garman was involved with the confiscation of the books. Similarly, although Glunt is not mentioned in Price's brief to this Court, in the complaint Price claims that he sent Glunt a request regarding the confiscated books. Complaint, ¶17. Price alleges that the

---

[5] The policy, pertaining to personal property, state issued items and commissary/outside purchases, was issued on August 15, 2016 and is available on the Department's portal: http://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/815%20Personal%20Property%20State%20Issued%20Items%20and%20Commissary%20-%20Outside%20Purchases.pdf (last visited 8/28/17).

8

request was then forwarded to the security office at SCI-Rockview, but he does not allege that Glunt was involved with confiscating his books. *See* Complaint, ¶18. His claims against these two defendants pertain to their actions after the fact regarding his grievance and request to staff, which did not establish personal involvement or set forth a valid claim for relief for conversion against them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (answering an inmate request or grievance is not sufficient to show actual knowledge or personal liability for the alleged underlying unlawful conduct); *see also Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010) (a superintendent's knowledge of an inmate's allegations of prison employees' retaliation against him did not constitute actual knowledge of the retaliation itself for respondeat superior liability). Price's complaint contains no allegations that these individuals personally engaged in any wrongdoing or actionable conduct. Merely being in the "chain of command" does not subject them to suit on a theory of vicarious responsibility. *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978). Because, on its face, Price's complaint does not set forth a valid cause of action against Defendants, the trial court properly dismissed it as frivolous under Rule 240(j)(1).

Finally, we find no support for Price's argument that the trial court improperly held him to a higher pleading standard than that which is required by law. Price asserts that "if the trial court believed that plaintiff['s] complaint was sounding [in] negligence," then the trial court should have permitted him "to amend his complaint and add the claim of negligence." Appellant's Brief, at 13. However, Price did not allege any facts to support a claim for negligence in his complaint or, for that matter, in his brief to this Court. Rather, Price maintains that his suit is based on the "intentional actions" of Defendants. *Id.* at 7. The trial

court did not err or abuse its discretion by not creating a claim for negligence where facts supporting a negligence claim were simply not pled and Price never sought leave to amend his complaint. *See Doe v. Franklin County*, 139 A.3d 296, 319 (Pa. Cmwlth.), *appeal granted*, 161 A.3d 800 (Pa. 2016) (where appellants did not request leave to amend the complaint, there is no requirement that a court *sua sponte* grant leave to amend).

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnell Price,                              :
                                            :
                      Appellant             :
                                            :   No. 307 C.D. 2017
              v.                            :
                                            :
Corrections Officer Simcox, et al.          :


O R D E R


AND NOW, this 28th day of September, 2017, the order of the Court of Common Pleas of Centre County, dated February 17, 2017, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge