# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry Unseld Washington,       :
             Appellant       :
      :
         v.       :     No. 513 C.D. 2017
      :     Submitted: August 25, 2017
Louis C. Folino; Robert Gilmore;       :
P. E. Barkefelt; Lt. Kelly;       :
H. Pawlowski; Michelucci; Fisher;       :
C.O. Kelly; Department of Corrections    :
and State Correctional Institution at       :
Greene       :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. WESLEY OLER, JR., Senior Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON            FILED: June 12, 2018


Henry Unseld Washington (Washington), *pro se*, appeals from an order of the Court of Common Pleas of Greene County (trial court), dated November 17, 2016. The trial court granted the preliminary objections filed by employees of the State Correctional Institution at Greene (SCI-Greene) and the Department of Corrections (collectively, Appellees)[1] and dismissed Washington's complaint. For the reasons that follow, we affirm.

---

[1] In his complaint, Washington lists the following parties as defendants: (1) Pennsylvania Department of Corrections; (2) State Correctional Institution at Greene; (3) Louis C. Folino;

Washington is an inmate at SCI-Greene. On April 20, 2016, Washington filed a complaint alleging, *inter alia*, that Appellees willfully or negligently destroyed Washington's personal property. (Complaint, attached to Washington's brief as "Exhibit C.") In support of his allegations, Washington averred that on November 18, 2012, Appellees instructed Washington to leave his cell so that Appellees could conduct a search of Washington's cell. (*Id.* at ¶¶ 1, 6.) As a result of this cell search, Appellees confiscated three pairs of sneakers (described by Washington as antique sneakers that were collectors' items) and over seventy religious texts. (*Id.* at ¶ 5.) Washington avers that the confiscated items are approved property that are listed on his DC-153 form. (*Id.* at ¶ 3.) Washington appears to aver that the items were the subject of or are approved as a result of the settlement of an earlier civil action that he filed in federal court against the Department of Corrections. (*Id.*) Washington avers that after confiscating the items, Appellees issued Washington a misconduct report but did not provide him with a "Confiscated Items Receipt" (CIR), and Washington pursued the matter through the grievance process, to no avail. (*Id.* at ¶¶ 10-13.) Washington further avers that on or about January 14, 2013, Appellees informed Washington that they intentionally destroyed Washington's personal items. (*Id.* at ¶¶ 5, 17-19, 27-31.) Washington claimed that Appellees informed him that they confiscated and destroyed his personal property as a retaliatory measure for Washington's previous lawsuits against SCI-Greene staff and medical professionals. (*Id.* at ¶¶ 15, 18, 28-31.) Washington alleged causes of action based on willful misconduct and negligence in

---

(4) Robert Gilmore; (5) P.E. Barkefelt; (6) Lt. Kelly; (7) H. Pawlowski; (8) Michelucci; (9) C.O. Kelly; and (10) Fisher.

2

violation of 42 Pa. C.S. §§ 8521-28 and 8550. (*Id.* at ¶¶ 63-69.) Washington seeks a myriad of declaratory, monetary, and punitive relief.

In response, Appellees filed preliminary objections and raised two affirmative defenses. Appellees first raised the defense of statute of limitations and argued that Washington failed to file his claim within two years, as required by 42 Pa. C.S. § 5524. Second, Appellees raised the affirmative defense of sovereign immunity pursuant to 1 Pa. C.S. § 2310, claiming that Commonwealth employees are immune from the claims asserted by Washington. By order dated November 17, 2016, the trial court sustained Appellees' preliminary objection regarding sovereign immunity, overruled Appellees' preliminary objection regarding the statute of limitations, and dismissed Washington's claim. The instant appeal followed.

On appeal, Washington presents two arguments. Washington first argues that the trial court erred in concluding that sovereign immunity is available to Appellees in this situation. Second, Washington argues that the trial court erred in limiting its analysis of the merits of Appellees' preliminary objections to the face of Washington's complaint instead of reviewing all documentation contained within the docket.

This Court's scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law, or whether constitutional rights were violated. *Long v. Thomas*, 619 A.2d 394, 396 (Pa. Cmwlth. 1992), *appeal denied*, 631 A.2d 1012 (Pa. 1993). In an appeal challenging the trial court's order sustaining preliminary objections, we must determine "whether on the facts averred, the law states with certainty that no recovery is possible." *Hawks by Hawks v. Livermore*, 629 A.2d 270, 271 n.3

3

(Pa. Cmwlth. 1993). In reviewing preliminary objections, only facts that are well pled, material, and relevant are considered true, and those preliminary objections which are clear and free from doubt will be sustained. *Triage, Inc. v. Dep't of Transp.*, 537 A.2d 903, 907 n.7 (Pa. Cmwlth. 1988). Argumentative allegations or expressions of opinion are not accepted as true. *Firing v. Kephart*, 353 A.2d 833, 834 (Pa. 1976).

First, we will address Washington's argument that the trial court erred in concluding that sovereign immunity bars his action against Appellees. "Generally, sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014). This protection extends to claims for intentional torts. *Id.* at 157. The General Assembly has provided that sovereign immunity may be waived in certain limited situations involving negligence of a Commonwealth official or employee. 42 Pa. C.S. § 8522. In *La Frankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992) (en banc), this Court observed:

> [T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to . . . 42 Pa. C.S. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.

*La Frankie*, 618 A.2d at 1149. Because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity are to be strictly construed. *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000). Further, these exceptions only apply in claims based in negligence. *See Williams v. Stickman*,

4

917 A.2d 915, 917-18 (Pa. Cmwlth.), *appeal denied*, 932 A.2d 1290 (Pa. 2007). A Commonwealth defendant will not be liable for his intentional acts, provided he was acting within the scope of his duties. *Id.*

Here, Washington argues that the personal property exception found in 42 Pa. C.S. § 8522(b)(3) precludes Appellees' invocation of sovereign immunity. The personal property exception to sovereign immunity provides, in part:

> (a) **Liability imposed** — The General Assembly . . . does hereby waive . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.
>
> (b) **Acts which may impose liability** — The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (3) **Care, custody or control of personal property** — The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . .

42 Pa. C.S. § 8522.

Appellees assert that a careful review of Washington's complaint indicates that this is not a case where Department of Corrections staff negligently lost or damaged an inmate's property. Appellees essentially contend that Washington's allegations amount to a claim for an intentional tort, and Commonwealth employees do not lose their immunity for intentional torts, provided they are acting within the scope of their employment. *See Kull*, 81 A.3d at 154.

5

Appellees cite several recent unreported memorandum decisions of this Court in support of that assertion.[2] *See DeShields v. Bennet* (Pa. Cmwlth., No. 1049 C.D. 2016, filed June 20, 2017) (holding trial court properly granted summary judgement in favor of the Department of Corrections on the basis of sovereign immunity where correctional officers acted within the course and scope of their employment when intentionally destroying confiscated items in amount in excess of that permitted to be possessed by inmate), *appeal denied*, 172 A.3d 148 (Pa. 2018); *Wheeler v. Delbalso* (Pa. Cmwlth., No. 639 C.D. 2015, filed November 3, 2015) (holding trial court properly sustained preliminary objection on basis of sovereign immunity where correctional officers acted within the course and scope of their employment when intentionally destroying confiscated contraband); *Orozco v. Dep't of Corr.* (Pa. Cmwlth., No. 268 C.D. 2013, filed January 14, 2014) (holding trial court properly sustained preliminary objection where correctional officers intentionally destroyed items pursuant to policy limiting what inmate may bring when transferring from out-of-state prison to Pennsylvania prison).

Washington, in an effort to preclude the application of sovereign immunity, describes Appellees' conduct as negligent rather than intentional. Washington, however, states multiple times that Appellees intentionally destroyed his items as a retaliatory measure towards Washington. (Complaint at ¶¶ 5, 17-19, 27-31.) Washington further avers that Appellees taunted Washington after the destruction of his property, stating that one of the Appellees "declared to [Washington] that [he] personally gave the orders, then observed [Washington's] . . . items [and] books . . . being destroyed." (*Id.* at ¶ 19.)

---

[2] Section 414 of the Commonwealth Court Internal Operating Procedures provides: "A single-judge opinion of this court, even if reported, shall be cited only for its persuasive value, not as a binding precedent." 210 Pa. Code § 69.414.

A fair reading of Washington's factual allegations do not give rise to a cause of action for negligence. Despite his efforts to the contrary, Washington's allegations give rise to an intentional tort, and his negligence claim is nothing more than a bare legal conclusion of negligence. A party bringing an action under a theory of negligence has the burden to prove the elements of a cause of action in negligence, which are:

> (1) A duty, recognized by law, requiring the actor to conform to a certain standard with respect to the injured party; (2) a failure of the actor to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another.

*Fritz v. Glen Mills School*, 894 A.2d 172, 176 (Pa. Cmwlth.), *appeal denied*, 909 A.2d 1291 (Pa. 2006). By definition, the alleged negligent conduct expressly excludes "conduct that is intentionally, wantonly, or willfully disregardful of others' rights." *Negligence*, Black's Law Dictionary 1133 (9th ed. 2009). More simply, negligence denotes "culpable carelessness." *Id.* Washington's pleadings, however, do not portray an act of culpable carelessness. Rather, Washington averred that Appellees acted intentionally and willfully in their conduct. Washington's allegations of negligence, therefore, are misplaced.

In actuality, Washington's allegations amount to a claim of conversion, which our Supreme Court has defined as "an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession." *Norriton E. Realty Corp. v. Central-Penn Nat'l Bank*, 254 A.2d 637, 638 (Pa. 1969). Commonwealth employees do not lose their immunity for intentional torts such as conversion, provided they are acting within the scope of their employment. *See Kull*, 81 A.3d at 154. To this point, Washington

7

argues that Appellees acted outside the scope of their employment. Washington's complaint, however, concedes that Appellees were acting within the scope of their employment. (Complaint, attached to Washington's brief as "Exhibit C," at ¶ 2.) Further, in appealing the trial court's order, Washington's statement of errors complained of on appeal filed pursuant to Pa. R.A.P. 1925(b) again avers that Appellees acted within the scope of their employment. Although the actions alleged in Washington's complaint are disturbing, we are bound nonetheless by the manner in which Washington pleaded them. As such, we cannot conclude that sovereign immunity did not apply when Washington's complaint averred the type of harm from which sovereign immunity is designed to protect the Commonwealth—*i.e.*, harm resulting from *intentional* torts of Commonwealth employees acting *within the scope of their employment*.

Washington next argues that the trial court erred in limiting its review to the four corners of Washington's complaint. This argument, too, is without merit. It is well-settled that "preliminary objections in the nature of a demurrer require the court to resolve the issues *solely* on the basis of the pleadings." *Cardella v. Pub. Sch. Emps. Ret. Bd.*, 827 A.2d 1277, 1282 (Pa. Cmwlth. 2003) (emphasis added). As such, the trial court did not err in limiting its review to such pleadings, as it applied the correct standard.

Accordingly, the order of the trial court is affirmed.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry Unseld Washington,       :
               Appellant       :
                              :
          v.              :    No. 513 C.D. 2017
                              :
Louis C. Folino; Robert Gilmore;     :
P. E. Barkefelt; Lt. Kelly;          :
H. Pawlowski; Michelucci; Fisher;    :
C.O. Kelly; Department of Corrections   :
and State Correctional Institution at    :
Greene                            :

# **O R D E R**

AND NOW, this 12th day of June, 2018, the order of the Court of Common Pleas of Greene County is AFFIRMED.

 

                               _____

                               P. KEVIN BROBSON, Judge