J. S29032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KHADIJA SINES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 309 EDA 2018 |
| | : | |
| OCWEN LOAN SERVICING, LLC | : | |

Appeal from the Order Entered December 11, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 02775 August Term, 2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 07, 2019**

Khadija Sines appeals from the December 11, 2017 order entered in the Court of Common Pleas of Philadelphia County sustaining Ocwen Loan Servicing, LLC's ("Ocwen") preliminary objections and dismissing appellant's amended complaint with prejudice.  We affirm.

The factual and procedural posture of this case, as gleaned from the record, is as follows:  Appellant defaulted on her mortgage and her home was sold to U.S. Bank National Association ("U.S. Bank") at sheriff's sale.  Ocwen purchased the mortgage servicing rights to the mortgage and was an agent for U.S. Bank acting on its behalf.  Appellant filed a two-count complaint against Ocwen alleging violations of the Fair Credit Extension Uniformity Act and Unfair Trade Practices and Consumer Protection Law and for conversion of appellant's personal property.  (Appellant's amended complaint, 8/24/17.)

Appellant's conversion claim stemmed from Ocwen's alleged removal of appellant's personal property from the foreclosed-upon property. Ocwen filed preliminary objections in the nature of a demurrer to both counts of appellant's amended complaint. The trial court sustained Ocwen's preliminary objections and dismissed appellant's amended complaint with prejudice.

Appellant filed a timely notice of appeal. The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the trial court did file a Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether the trial court erred in dismissing [appellant's] claim for conversion, with prejudice, for failure to "demand" the return of her property, where the Amended Complaint alleges that during the pendency of an ejectment action, [Ocwen] conducted a 'selfhelp' eviction and dispossessed her, she then entered into an agreement with [Ocwen], entered on record the ejectment action to return possession to her but five days later [Ocwen] breached the agreement and removed her possessions from the home?

Appellant's brief at 4.[1]

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

---

[1] We note that appellant does not challenge the dismissal of her claim for violations of the Fair Credit Extension Uniformity Act and Unfair Trade Practices and Consumer Protection Law.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Gross v. Nova Chemical Services, Inc.*, 161 A.3d 257, 262 (Pa.Super. 2017) (citations and brackets omitted).

Here, appellant argues that the trial court erred in sustaining the preliminary objections when it held that Ocwen's "demurrer was free of doubt." (Appellant's brief at 10.) Specifically, appellant claims that the trial court incorrectly held that appellant was required to plead the demand and refusal requirement for an action of conversion under the theory that Ocwen unreasonably withheld appellant's property. (*Id.* at 12-13.) Appellant contends Ocwen wrongfully came into possession of her property in violation of an agreement the parties had and, therefore, the demand and refusal requirement is not required. (*Id.*)

This court has long held that: "[a] conversion is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Gottesfeld v. Mechanics & Traders Ins. Co.*, 173 A.2d 763,

766 (Pa.Super. 1961), citing ***Pearl Assur. Co., Ltd. v. Nat'l Ins. Agency, Inc.***, 30 A.2d 333 (Pa. 1943). Conversion can be committed by: (1) acquiring possession of the goods with the intent to exercise dominion and control over the goods adverse to the owner's rights and for the offender's own personal use; (2) transferring possession of the goods to another with serious interference of the owner's right of control; (3) unreasonably withholding possession of the goods from one who has rights to the goods; or (4) destroying or seriously damaging the goods in defiance of the owner's rights. ***See Norriton East Realty Corp. v. Central-Penn Nat'l Bank***, 254 A.2d 637, 638 (Pa. 1969); ***see also*** W. Page Keeton ***et al.***, *Prosser & Keeton on the Law of Torts* § 15, p. 95-102 (5th ed. 1984). For possession to be unreasonably withheld, there must be a demand for and refusal of the return of the property. ***Norriton***, 254 A.2d at 638-639. However, demand and refusal is not required for an action of conversion when possession is initially obtained unlawfully. ***Id.*** at 639.

Here, a review of the allegations contained in appellant's amended complaint supports the trial court's conclusion that "[t]he amended complaint itself reflects that [Ocwen] possessed legal title to the Property and was attempting to enforce its right to possession of the Property." (Trial court opinion, 11/9/18 at 1, citing appellant's amended complaint 8/24/17 at ¶¶ 6-8.). As Ocwen had legal title to the property and had the right to remove appellant's items "left in the property," an allegation of demand by appellant

for the return of the personal property and a refusal by Ocwen is necessary to sufficiently plead an action of conversion on the basis that Ocwen unreasonably withheld possession of the property.

In her amended complaint, appellant admits that her former house was sold at a sheriff's sale; that Ocwen locked appellant out of the house by changing the locks; that Ocwen then agreed to "return possession" of the house to appellant; that appellant packed some of her belongings and needed to find a new home; and that "five days later" Ocwen "returned and broke into the home" and "cleaned out all of the remaining possessions that [appellant had] **left** in the property." (Appellant's amended complaint, 8/24/17 at ¶¶ 8, 13, 15, 17-19 (emphasis added).) In her conversion claim, appellant alleges:

> 30. Ocwen deprived [appellant] and her children of their rights in their personal property, without their lawful consent and without justification.
>
> 31. Ocwen's outrageous and egregious conduct was undertaken with reckless disregard to the rights of [appellant] and her children, and warrants the imposition of punitive damages.

Appellant's amended complaint, 8/24/17 at ¶¶ 30-31. Appellant incorporates into her conversion claim, *inter alia*, paragraphs 17 to 19 of her amended complaint which allege:

> 17. After possession of the home was returned to [appellant], she began packing her belongings and trying to find a new home for her family.
>
> 18. Just five days later, Ocwen returned and broke into the home.

> 19. This time, agents from Ocwen cleaned out all of the remaining possessions that [appellant] has left in the property . . . .

*Id.* at ¶¶ 17-19 (emphasis omitted).

Appellant's amended complaint reveals she failed to plead any allegations that she demanded the return of the items and Ocwen refused as is required for an action of conversion under the theory Ocwen unreasonably withheld appellant's property. Moreover, appellant failed to allege that Ocwen exercised dominion and control over the property for its own personal use; that Ocwen transferred the property to another that deprived appellant of control over the property; or that the property was destroyed or seriously damaged in defiance of appellant's rights. Therefore, appellant's allegations do not allow appellant to bring an action for conversation under any other theory.

Appellant does not cite any legal precedent or law of this Commonwealth that permits an action for conversion when an agent for the legal owner of the foreclosed-upon property "cleans out" the personal property "left" at the property after affording the foreclosed-upon party five days to pack and remove all personal property. Consequently, appellant's amended complaint clearly and without doubt failed to state a cause of action for conversion, and the trial court properly sustained Ocwen's preliminary objections and dismissed appellant's amended complaint with prejudice.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/19